SOLOMON McCOY, plaintiff in error, *vs.* JOHN H. WILY, defendant in error.

The evidence for the plaintiff in this case is deficient, in that it fails to show that the mule was afflicted with the disease of which it died at the time of the warranty, and it was no abuse of the discretion of the Judge to refuse to grant a new trial.

New trial. Warranty. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

McKoy brought assumpsit against Wily for $500 00, his declaration making the following case :

On August 15th, 1870, the plaintiff exchanged a horse, of the value of $125 00, with the defendant for a mule, which, if sound, would have been of the same value. The defendant warranted said mule as sound. But the mule, at the time of said exchange, was suffering with the disease known as the glanders, of which she subsequently died. She was entirely useless to the plaintiff, and caused him an expense of $50 00. In addition, the plaintiff has been damaged by said disease having been communicated to a horse belonging to him, which has also thereby been rendered valueless.

The defendant pleaded not guilty.

The evidence was substantially as follows : On Saturday evening, about the time specified in the declaration, the exchange was made. The defendant repeated several times that "the mule was sound as a dollar," and that the plaintiff "need not doubt it." On the Monday morning after the trade, the plaintiff hitched the mule to a wagon and drove her about fifty yards, when she gave out. She was never afterwards able to work. On the 10th and 20th of September, 1870, plaintiff exhibited said animal to two of his neighbors, Jacob C. New and Levi Chenning, who were acquainted with the diseases and value of horses. New and Chenning testified that the mule had the glanders, and was worthless. She died five or six weeks after the trade. At the time of the exchange the defendant told the plaintiff that he had lost a mule a few days before, but did not know of what disease he died.

McCoy *vs.* Wily.

Evidence was introduced as to the value of the horse unnecessary here to be set forth.

The jury returned a verdict for the defendant. Plaintiff moved for a new trial because the verdict was contrary to the law and the evidence. The motion was overruled, and the plaintiff excepted.

HILL & CANDLER, for plaintiff in error.

PEEPLES & HOWELL, for defendant.

McCAY, Judge.

We cannot say that the verdict in this case is so contrary to the evidence as to justify this Court in overruling the judgment of the Judge of the Superior Court refusing a new trial. We incline to think the plaintiff had a better case than his evidence presents. But as it stands, his proof is not such as to *require* a verdict. The mule could hardly be so completely worthless on Monday, without the witness noticing some defect on Saturday, unless something intervened on Sunday. The two witnesses who testified to the mule having the glanders, do not, as they tell it, fix a time that makes it necessary the mule should have been diseased at the trade. There is, therefore, some defect in the evidence. It does not show anything but a *probability* that the mule was diseased at the time of the warranty. Nor is that probability so strong as to force the conviction of its truth. There is fair room to suspect that the plaintiff is trying to put upon the defendant a misfortune which may, in fact, have been wholly his own. This the jury seem to have thought, and whilst it is possible for a fair-minded man to think otherwise from the testimony, yet, in our opinion, the proof is open to this view. We cannot, therefore, under the established rule, undertake to reverse the judgment of the Court refusing a new trial.

Judgment affirmed.